## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| ANJANEE WILKINS, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 4:23-CV-422 RLW |
| TORY BURCH, LLC, | ) ) | |
| Defendant. | ) | |

## <u>ORDER CONCERNING JURISDICTION</u>

This matter is before the Court on review of the file. "Courts have an independent obligation to determine whether subject-matter jurisdiction exists[.]" *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). "Federal Courts are courts of limited jurisdiction. The requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without exception." *Kessler v. National Enters., Inc.*, 347 F.3d 1076, 1081 (8ᵗʰ Cir. 2003) (quotation marks and quoted case omitted). Statutes conferring diversity jurisdiction are strictly construed, *Sheehan v. Gustafson*, 967 F.2d 1214, 1215 (8ᵗʰ Cir. 1992), and the burden of proving all jurisdictional facts is on the party asserting jurisdiction, here the Plaintiff. *See McNutt v. General Motors Acceptance Corp. of Ind., Inc.*, 298 U.S. 178, 189 (1936). "[T]he court may . . . insist that the jurisdictional facts be established or the case be dismissed[.]" *Id*.

Plaintiff asserts that this Court has jurisdiction based on diversity of citizenship. (ECF No. 1, ¶ 10). Under the Class Action Fairness Act ("CAFA"), the district courts have jurisdiction of any civil action in which the matter in controversy exceeds $5 million and any member of the class of plaintiffs is a citizen of a state different from any defendant. 28 U.S.C. § 1332(d)(2). Put another

way, CAFA only requires minimal diversity among the parties. *Westerfeld v. Indep. Processing, LLC*, 621 F.3d 819, 822 (8th Cir. 2010). "When jurisdiction is based on diversity of citizenship, the pleadings . . . must set forth with specificity the citizenship of the parties." *Barclay Square Properties v. Midwest Fed. Sav. & Loan Ass'n of Minneapolis*, 893 F.2d 968, 969 (8th Cir. 1990). "An LLC's citizenship, for purposes of diversity jurisdiction, is the citizenship of each of its members." *E3 Biofuels, LLC v. Biothane, LLC*, 781 F.3d 972, 975 (8th Cir. 2015) (quoted case omitted).

Here, the Complaint alleges that Defendant is a Delaware LLC with its principal place of business in New York City, New York. (ECF No. 1, ¶ 5). The Complaint does not, however, identify the individual members of the LLC or disclose their citizenship. To properly establish citizenship of the LLC, Plaintiff must identify the citizenship of each of its members. *E3 Biofuels, LLC*, 781 F.3d at 975. For any members of the LLC that are corporations, Plaintiff must establish each corporate member's state of incorporation *and* principal place of business. *Sanders*, 823 F.2d at 216; *see* 28 U.S.C. § 1332(a), (c).

While there is little doubt that minimal diversity exists in this matter, the Complaint is defective because it does not properly set forth the citizenship of Defendant. *Barclay Square Properties*, 893 F.2d at 969. Plaintiff is granted 14 days to file an amended complaint that alleges the citizenship of each member of Defendant. Failure to do so will result in the dismissal of this action without prejudice for lack of subject matter jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that by <u>**May 2, 2023**</u>, Plaintiff shall file an Amended Complaint that alleges facts establishing the citizenship of all parties to this action. (ECF No. 24).

**IT IS FURTHER ORDERED** that if Plaintiff does not timely and fully comply with this Order, this matter will be dismissed without prejudice for lack of subject matter jurisdiction.


*Ronnie L. White*
_____
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 18th day of April, 2023.