# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| ANJANEE WILKINS, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | No. 4:23-CV-422 RLW |
| v. | ) ) | |
| TORY BURCH, LLC, | ) ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's "Unopposed Motion for Protective Order and to Seal Disclosure Statement." (ECF No. 21). The Court will deny the motion for the reasons below.

### Background

Plaintiff brings this putative class action against Defendant Tory Burch, LLC, for alleged deceptive practices, unjust enrichment, and money had and received. (ECF No. 14). Defendant is a Delaware limited liability company ("LLC") with its principal place of business in New York, New York. *Id.* On May 9, 2023, Defendant filed an unopposed motion for an extension of time to file an answer or otherwise respond to Plaintiff's First Amended Complaint. (ECF No. 19). The Court granted the motion the next day and gave Defendant until June 16, 2023, to answer or otherwise respond. (ECF No. 20).

### Discussion

Defendant now seeks an order from the Court allowing Defendant to: (1) disclose only its sole Missouri member in its Disclosure Statement, and (2) file its Disclosure Statement under seal. (ECF No. 21). Plaintiff does not oppose the motion. *Id.*

1. **Limited Disclosure**

Under Rule 7.1 of the Federal Rules of Civil Procedure, a nongovernmental corporation must file a disclosure statement in any action in which jurisdiction is based on traditional diversity. Fed. R. Civ. P. 7.1(2). The statement must name—and identify the citizenship of—every individual or entity whose citizenship is attributed to that party. *Id.* "The Rule recognizes that the court may limit the disclosure in appropriate circumstances." Fed. R. Civ. P. 7.1(2), advisory committee's note to 2022 amendment. "Disclosure might be cut short when a party reveals a citizenship that defeats diversity jurisdiction." *Id.*

Defendant states that one of its members is a Missouri LLC with at least one sub-member who is a citizen of Missouri. (ECF No. 22). This would defeat diversity jurisdiction under 28 U.S.C. § 1332(a), which requires complete diversity. Here, however, Plaintiff asserts diversity jurisdiction under 28 U.S.C. § 1332(d)(2)(A), which requires only minimal diversity. Thus, Defendant's disclosure does not defeat diversity jurisdiction. Further, Rule 7.1 exists not only to ascertain whether diversity jurisdiction exists, but also to provide judges with enough information to determine whether disqualification is necessary. Fed. R. Civ. P. 7.01, advisory committee's note to 2002 amendment; *see also* 2 James Wm. Moore et al., *Moore's Federal Practice*, § 7.1.02[3] (3d ed. 2022). The Court cannot adequately determine whether disqualification is necessary based on the citizenship of one member of the LLC. The Court must therefore deny Defendant's motion to limit disclosure.

2. **Filing Under Seal**

Under Local Rule 2.09, a "Disclosure Statement may be filed under seal if so ordered by the Court in accordance with Local Rule 13.05(A)." E.D.Mo. L.R. 2.09(A). "[T]here is 'a common-law right of access to judicial records.'" *Webster Groves Sch. Dist. v. Pulitzer Pub. Co.*,

898 F.2d 1371, 1376 (8th Cir. 1990) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)). "This right of access is not absolute," however, "but requires a weighing of competing interests." *Id*.

Whether sealing is warranted turns on "the relevant facts and circumstances of the particular case." *Warner Commc'ns*, 435 U.S. at 599. The Court "must consider the degree to which sealing a judicial record would interfere with the interests served by the common-law right of access and balance that interference against the salutary interests served by maintaining confidentiality of the information sought to be sealed." *IDT Corp. v. eBay*, 709 F.3d 1220, 1223 (8th Cir. 2013). In the Eighth Circuit, "only the most compelling reasons can justify non-disclosure of judicial records." *In re Neal*, 461 F.3d 1048, 1053 (8th Cir. 2006) (internal quotation marks omitted). "A proper motion to seal should be narrowly drawn and accompanied by a proposed redacted filing for the public docket." *United States v. Garner*, 39 F.4th 1023, 1024 (8th Cir. 2022) (finding a motion to file under seal overly broad where the party wished to seal an entire motion without any justification).

Here, Defendant asserts that its members are its investors and their identify is sensitive information. (ECF No. 22). Defendant argues that public disclosure of its members' information could harm its business. *Id.* Defendant fails, however, to explain why such information is sensitive or why divulsion of such information could potentially harm its business. Defendant's conclusory statements do not constitute a compelling reason for non-disclosure. Other courts have reached similar conclusions. *See, e.g., Baxter Int'l, Inc. v. Abbott Lab'ys*, 297 F.3d 544, 548 (7th Cir. 2002) (denying a renewed motion to place documents under seal where movant failed to explain how disclosure would harm its business); *Darton Archery, LLC v. Bowtech, LLC*, No. C.A. 23-140-CFC, 2023 WL 2755760, at *1 (D. Del. Apr. 3, 2023) (denying defendants' motion to seal

disclosure statement where defendants failed to explain how disclosure of member information would harm business interests); *Wiens Cap. Mgmt., LLC v. Advoc. Consulting Legal Grp., PLLC*, No. 2:23-CV-81-SPC-KCD, 2023 WL 2435806, at *2 (M.D. Fla. Feb. 16, 2023) (denying plaintiffs' motion to file member identities under seal because plaintiffs' conclusory arguments did not overcome the presumption of public access). Thus, the Court will deny Defendant's motion to file its Disclosure Statement under seal.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's "Unopposed Motion for Protective Order and to Seal Disclosure Statement" is **DENIED** in its entirety. (ECF No. 21).

**IT IS FURTHER ORDERED** that Defendant shall file a complete Disclosure Statement no later than **June 6, 2023.**

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 23rd day of May, 2023.